FILED
December 05, 2025
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY: _____NM_____
DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § § § § § § § | |
| v. | | NO. SA-22-CR-00574-OLG |
| SHAYAN FOROOHAR ZENDEHDEL ARJAGHI | | |

## ORDER ADOPTING REPORT AND RECOMMENDATION

The Court has considered United States Magistrate Judge Richard B. Farrer's Report and Recommendation (R&R), filed July 30, 2025, concerning Defendant's Motion to Dismiss (*see* Dkt. No. 36) the single-count indictment charging him with receipt of a firearm while under a felony indictment in violation of 18 U.S.C. § 922(n). (*See* R&R, Dkt. No. 46.)

A party who wishes to object to a Magistrate Judge's findings and recommendations must serve and file specific written objections within 14 days. FED. R. CIV. P. 72(b)(2). Defendant's objections, filed August 13, 2025, (*see* Dkt. No. 47) are therefore timely. Accordingly, the Court must make a de novo determination as to those portions "of the magistrate judge's disposition that [have] been properly objected to." FED. R. CIV. P. 72(b)(3); *see United States. v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989), *cert. denied*, 492 U.S. 918 (1989). Objections must be specific; frivolous, conclusory, or general objections need not be considered by the district court. *Battle v. U.S. Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987) (quoting *Nettles v. Wainwright*, 677 F.2d 404, 410 n.8 (5th Cir. 1982), *overruled on other grounds by Douglass v. U.S. Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996)). Any portions of the Magistrate Judge's findings or recommendations that were not objected to are reviewed for clear error. *Wilson*, 864 F.2d at 1221.

Upon a de novo review, the Court finds that Defendant's objections should be and hereby are **OVERRULED**. His challenge to the adequacy of the R&R's as-applied analysis—i.e., that it

lacks any citation to a founding-era offense identical to any of the specific felony offenses with which Defendant has been charged—is unavailing. *See United States v. Quiroz*, 125 F.4th 713, 717 (5th Cir. 2025) ("[T]he challenged regulation does not need to 'precisely match its historical precursors' . . . . [or] be a 'dead ringer' or a 'historical twin.'" (quoting *United States v. Rahimi*, 602 U.S. 680, 692 (2024))), *cert. denied*, No. 24-7342, 2025 WL 2823956 (U.S. Oct. 6, 2025); *Rahimi*, 602 U.S. at 691–92 ("[T]he Second Amendment permits more than just those regulations identical to ones that could be found in 1971."). As to his objection regarding the party-presentation rule—i.e., that the Magistrate Judge proffered historical analogues where the Government failed to do so—the Fifth Circuit has rejected, in practice, any requirement that courts refrain from engaging in their own research when resolving these issues. *See, e.g., United States v. Diaz*, 116 F.4th 458, 468 (5th Cir. 2024) ("*Our own research reveals that* those convicted of horse theft—likely the closest colonial-era analogue to vehicle theft—were often subject to the death penalty." (emphasis added)), *cert. denied*, 145 S. Ct. 2822 (2025).

Accordingly, the Court finds that the Magistrate Judge's R&R should be and hereby is **ADOPTED**, and, for the reasons set forth therein, Defendant's Motion to Dismiss (Dkt. No. 36) is **DENIED**.

It is so **ORDERED**.

**SIGNED** this _____ day of December 2025.

ORLANDO L. GARCIA
United States District Judge